UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONALD W. LYNCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:10-0580 |
| | ) Judge Campbell/Bryant |
| KEN FORSYTHE, | ) |
| | ) |
| Defendant. | ) |

**TO: The Honorable Chief Judge Todd J. Campbell**

**REPORT AND RECOMMENDATION**

Plaintiff Donald W. Lynch, who is proceeding pro se and in forma pauperis, has filed his complaint against defendant Ken Forsythe alleging unlawful employment discrimination under Title VII of the Civil Rights Act of 1964 (Docket Entry No. 1).

This case has been referred to the undersigned Magistrate Judge for frivolity review pursuant to 28 U.S.C. § 1915(e)(2) and, if necessary, pretrial management (Docket Entry No. 3).

According to the complaint, plaintiff and defendant Forsythe were both employed by a company named Labor Finders of Tennessee. Defendant Forsythe is identified in the complaint as "the Labor Finders' supervisor." (Docket Entry No. 1 at 6). The complaint alleges that on August 19, 2009, following an incident at work more fully described in the complaint, defendant Forsythe terminated plaintiff's employment. The complaint asserts that plaintiff was terminated because of his race.

Defendant Forsythe is the only defendant named in this complaint. The Sixth Circuit Court of Appeals has held that an individual employee/supervisor, who does not otherwise qualify as an "employer," may not be held personally liable under Title VII. <u>Wathen v. General Electric Co.</u>, 115 F.3d 400, 405 (6th Cir. 1997). In the absence of any allegation suggesting that defendant Forsythe was an "employer" as defined by Title VII (42 U.S.C. § 2000e(b), the undersigned Magistrate Judge finds that plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In compliance with the order of the district judge, the undersigned Magistrate Judge further finds that any appeal of this report and recommendation, if adopted by the Court, would not be in good faith under 28 U.S.C. § 1915(a)(3).

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the complaint should be **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2), and that any appeal from this report and recommendation, if adopted by the Court, should be deemed not to be in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this

Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 16th day of March 2011.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge